IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PAMELA E. GRAVES, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| UTMB AT SKYVIEW PRISON, | § | |
|     Defendant. | § | |

### PLAINTIFF, PAMELA E. GRAVES'S, ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Pamela E. Graves, hereinafter called Plaintiff, complaining of and about UTMB at Skyview Prison, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff, Pamela E. Graves, is a citizen of the United States and the State of Texas and resides in Anderson County, Texas.

2. Defendant UTMB at Skyview Prison may be served by serving Jeanette Winfree, its agent authorized to accept service at University of Texas Medical Branch, 1810 Tremont Avenue, Galveston, Texas 77550

### JURISDICTION

3. The action arises under Title VII of the Civil Rights Act of 1964 as amended and the Texas Commission on Human Rights Act as hereinafter more fully appears.

4. This Court has supplemental jurisdiction over state law claims discussed below

1

under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 2000e et. seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7. Pamela Graves was one of the two black women who worked on her shift. While working under the supervision of Diane Tadlock, Pamela experienced hostility, harassment and racial discrimination.

8. Pamela was denied training and forced to work in an area where she was not trained. Pamela observed that Diane Tadlock would often assign her and another black nurse, Dale Morgan, to work together and allowed Cynthia Boyce, a white nurse, to work wherever she wanted.

9. Pamela made a complaint in March 2017, that Diane was not properly helping the LVNs and was not carrying her share of the workload. In the meeting, Diane admitted that she did not always respond to requests that Pamela made, specifically Diane had asked Pamela to

look at a rash on a patient. Diane refused the request.

10. In the March 10, 2017 meeting that resulted from Pamela's complaint, Diane admitted that she did not like Pamela and said, "I will try not to let my personal dislike for Ms. Graves get in the way."

11. Diane continued to treat Pamela differently and fostered a hostile work environment through various actions that were harassing and hostile toward Pamela.

12. On March 30, 2017, Pamela submitted a resignation letter because she could no longer endure discrimination and hostility from Diane. Her last day was to be April 11, 2017. However, on April 8, 2017, Diane clocked Pamela out against her will because Pamela had asked for training to work in an area of the facility that was unfamiliar to Pamela.

13. Diane also made false accusations against Pamela by telling security that Pamela had a 9 mm gun, a taser and mace. Diane further tried to get a warden to escort Pamela out of the building, but the warden did not do so because he said Pamela had not done anything wrong.

14. Pamela is aware that Diane had been investigated in 2013 or 2014 for showing favoritism of a white nurse in the Beto Unit.

15. Pamela reported the issues she had with Diane to Toni Cox-Dillard who is Pamela's supervisor. Besides the meeting where Diane admitted she did not like Pamela, nothing was ever done to address Diane's discrimination of and harassment toward Pamela.

## RESPONDEAT SUPERIOR AND RATIFICATION

16. Paragraphs 1-15 set forth above are incorporated herein by reference.

17. Whenever in this complaint it is alleged that the Defendant, UTMB at Skyview Prison, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees

or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## RACE DISCRIMINATION

18. Paragraphs 1-15 set forth above are incorporated herein by reference.

19. Defendant, UTMB at Skyview Prison, engaged in unlawful employment practices involving Plaintiff because of her race.

20. Defendant, UTMB at Skyview Prison, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race in violation of 42 U.S.C. Section 2000e-(2)(a).

21. Defendant, UTMB at Skyview Prison, classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to other non-black/African American employees similarly situated in violation of 42 U.S.C. Section 2000e-(2)(a).

22. Plaintiff alleges that Defendant, UTMB at Skyview Prison, discriminated against Plaintiff on the basis of race with malice or with reckless indifference to the federal-protected rights of Plaintiff.

23. Defendant, UTMB at Skyview Prison, also violated Plaintiff's rights under 42 U.S.C. Section 1981.

## CONSTRUCTIVE DISCHARGE

24. Paragraphs 1-15 set forth above are incorporated herein by reference.

25. UTMB at Skyview Prison made the working conditions so intolerable that Plaintiff felt compelled to resign her position. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BY UTMB AT SKYVIEW PRISON

26. Paragraphs 1-15 set forth above are incorporated herein by reference.

27. Defendant UTMB at Skyview Prison intentionally or recklessly retained and failed to supervise and train Cynthia Boyce and Diana Tadlock after Diana Tadlock admitted that she did not like Petitioner in an open meeting and that she purposely scheduled the only two black nurses to work together. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

## NEGLIGENT SUPERVISION, TRAINING AND RETENTION
## BY UTMB AT SKYVIEW PRISON

28. Paragraphs 1-15 set forth above are incorporated herein by reference.

29. Plaintiff alleges that the conduct of Defendant UTMB at Skyview Prison constituted negligent supervision, training and retention. Plaintiff alleges that Defendant UTMB at Skyview Prison did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether Diane Tadlock was unfit, incompetent, or a danger to third parties. Defendant UTMB at Skyview Prison knew or should have known that Diane Tadlock was unfit and could foresee that Diane Tadlock would come in contact with Plaintiff, creating a risk of

danger to Plaintiff. Defendant UTMB at Skyview Prison's failure to exercise reasonable care in the supervision, training and retention of Diane Tadlock was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

## DAMAGES

30. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. All costs necessary to make Plaintiff whole;

    b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e. Emotional pain;

    f. Expert fees as the Court deems appropriate;

    g. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    h. Inconvenience;

    i. Interest;

    j. Loss of enjoyment of life;

    k. Mental anguish in the past;

    l. Mental anguish in the future;

      m.      Loss of earnings in the past;

      n.      Loss of earning capacity which will, in all probability, be incurred in the future; and

      o.      Loss of benefits.

## EXEMPLARY DAMAGES

31.    Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Pamela E. Graves, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

                Respectfully submitted,

                By: /s/ Renea Overstreet
                      Renea Overstreet
                      Attorney-in-Charge
                      Texas Bar No. 24066704
                      E-Mail: rdolaw@gmail.com
                      2100 N. Main Street, Suite 228
                      Fort Worth, Texas 76164

                                        Tel. (817) 810-9747
                                        Fax. (1-855) 299-5593
                                        Attorney for Plaintiff
                                        Pamela E. Graves

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**